EXHIBIT B

**NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



20250416002240010001E9740

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 8 |
|---|---|

| Document ID: 2025041600224001 | Document Date: 04-08-2025 | Preparation Date: 04-16-2025 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 7

**PRESENTER:**
EMPIRE CITY ABSTRACT CORP.
25 NEWBRIDGE ROAD
EMC-2971-K
HICKSVILLE, NY 11801
516-583-1384

**RETURN TO:**
CHARLES R. CUNEO, P.C
82 MAIN STREET
SUITE 200
FLUSHING, NY 11743

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 6450 | 30 | Entire Lot | 173 BAY 32 STREET |

Property Type: COMMERCIAL REAL ESTATE

**CROSS REFERENCE DATA**

CRFN _____ or DocumentID _____ or _____ Year____ Reel____ Page____ or File Number _____

**PARTIES**

**MORTGAGOR/BORROWER:**
1234 BROOKLYN CORPORATION
685B BROADWAY
MASSAPEQUA, NY 11758

**MORTGAGEE/LENDER:**
JUSTICE HOLDINGS LLC
82 MAIN STREET, SUITE 200
FLUSHING, NY 11743

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 115,000.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 115,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 575.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 1,150.00 | | $ 0.00 |
| Spec (Additional): | $ | 287.50 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 345.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 2,357.50 | | |
| Recording Fee: | $ | 72.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          04-17-2025 15:48
City Register File No.(CRFN):
**2025000104933**

*City Register Official Signature*

EMC - 2971 - K

TITLE NO:
PREMISES:    173 Bay 32 Street
             Brooklyn, NY

Block:       6450
Lot:         30

---

JUSTICE HOLDINGS, LLC

to

1234 BROOKLYN CORPORATION

---

**MORTGAGE**

---

RECORD AND RETURN BY MAIL TO:

Charles R. Cuneo, P.C.
82 Main Street, Suite 200
Huntington, New York 11743

1

**THIS  MORTGAGE,** made as of the $\underline{8}$ day of April, Two Thousand Twenty Five

**BETWEEN**
1234 Brooklyn Corporation, with offices at 685B Broadway, Massapequa, NY  11758, the mortgagor
and

**JUSTICE HOLDINGS, LLC,** a New York limited liability company having an address at c/o Charles R. Cuneo, P.C., 82 Main Street, Suite 200, Huntington, NY  11743, the mortgagee,

**WITNESSETH,** that to secure the payment of an indebtedness in the sum of ONE HUNDRED FIFTEEN THOUSAND DOLLARS ($115,000.00), lawful money of the United States, to be paid according to a certain bond, note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the County of Kings, State of New York as more fully described on Schedule A attached hereto and made a part hereof;

**TOGETHER** with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

**TOGETHER** with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

**AND** the mortgagor covenants with the mortgagee as follows:

2

1.     That the mortgagor will pay the indebtedness as hereinbefore provided.

2.     That the mortgagor will keep the buildings on the premises insured (i) against loss by fire for the benefit of the mortgagee, (ii) against loss by flood if the premises are located in an area identified by the Secretary of Housing and Urban Development as an area having special flood hazards and in which flood insurance has been made available under the National Flood Insurance Act of nineteen hundred sixty-eight; that it will assign and deliver the policies to the mortgagee; and that it will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3.     That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4.     The Debt may be prepaid in whole or in part without penalty on thirty (30) days' notice.

5.     That the whole of said principal sum and interest shall become due at the option of the mortgagee; after default in the payment of any installment of principal or of interest for thirty (30) days; or after default in the payment of any tax, water rate, sewer rent or assessment for sixty (60) days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

6.     That the holder of this mortgage, in any action to foreclose it, shall be entitled to (i) the appointment of a receiver without any showing as to the inadequacy of the mortgaged premises as security; and (ii) the recovery of its actual legal fees and expenses.

7.     That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

8.     That the mortgagor within ten (10) days upon request in person or within fifteen (15) days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

9.     That notice and demand or request may be in writing and may be served in person or by mail.

10.    That the mortgagor warrants the title to the premises.

3

11.    That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty (30) days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

12.    That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one (1) parcel.

13.    That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including standard and reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six percent (6.0%), per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions or law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

14.    That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five (5) days' written notice.

15.    That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within sixty (60) days after demand receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises

4

are not maintained in their current state of repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within six (6) months from the issuance thereof; or (f) if on application of the mortgagee two (2) or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty (30) days' notice to the mortgagor, in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation or mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage; (j) if the renovations required at the Premises as set forth in a certain Construction Completion Agreement of even date are not completed by the first anniversary date hereof.

16.     That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the costs of the improvement before using any part of the total of the same for any other purpose.

17.     In the event of the institution of an action to foreclose this mortgage, mortgagor shall have the right to redeem the property at any time prior to the foreclosure sale by paying all amounts due the mortgagee as computed in accordance with the terms of this mortgage and the note which this mortgage secures.

5

18.    This mortgage may not be changed or terminated orally.  The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs (upon the death of the Mortgagors), personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage.  The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

19.    Mortgagor acknowledges and agrees that in the event all violations against the Premises, and the judgments and/or liens resulting therefrom, are not dismissed and satisfied by the first anniversary date hereof, Mortgagee shall have the right, but not the duty, to satisfy same.  In the event Mortgagee does satisfy the liens and/or judgments of said violations, the sum of money advanced by the Mortgagee to do so shall become part of the debt which this mortgage secures and shall accrue interest at the rate provided for in the Note.

**IN WITNESS WHEREOF,** this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

1234 Brooklyn Corporation

By: _____

**Charles R. Cuneo, authorized Agent**

_____

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SUFFOLK    )

On the ___ day of April, 2025, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Charles R. Cuneo whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacities, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

LEIGHANN J. JENSEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JE6347807
Qualified in Suffolk County
My Commission Expires _____

_____
Notary Public

6

## *Stewart Title Insurance Company*

Title Number: **EMC-2971-K**
Page **1**

### SCHEDULE A DESCRIPTION

ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, more particularly designated on the Tax Map of the City of New York, for the Borough of Brooklyn, Section 15, 16, 17, 19 and 20 thereof, as said map was on May 19th, 1952 as Section 19, Block 6450, Lot 30.

FOR INFORMATION ONLY
Premises: 173 Bay 32nd Street, Brooklyn, NY 11214
Tax ID: Block 6450 Lot 30

1